UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN TAMRAT,<br><br>    Plaintiff,<br><br>    v.<br><br>MANN, et al.,<br><br>    Defendants. | Case No. 20-cv-08503-PJH<br><br>**ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS** |

Plaintiff, a state prisoner proceeding pro se filed a pro se civil rights complaint under 42 U.S.C. § 1983, that was dismissed for failure to prosecute. Plaintiff filed an appeal with the Ninth Circuit, which re-engaged this court for the limited purpose of determining whether plaintiff's in forma pauperis status should continue, or whether the appeal is frivolous or taken in bad faith.

An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed in forma pauperis. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). Pursuant to Federal Rule of Appellate Procedure 24(a), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." The party must attach an affidavit that (1) shows in detail "the party's inability to pay or give security for fees and costs," (2) "claims an entitlement to redress," and (3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). But even if a party provides proof of indigence, "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is in "good faith" where it seeks review of any issue that is "non-frivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is

"frivolous" if it has "no arguable basis in fact or law."  See *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

In this action, defendants filed a motion for summary judgment that included video evidence.  On February 2, 2022, defendants provided the video evidence to the litigation department at the facility where plaintiff was incarcerated and sent plaintiff a letter advising him to contact his counselor to view the video.  On March 4, 2022, the court issued an order and reminded plaintiff that he needed to file an opposition to the summary judgment motion by April 11, 2022.  The court also reminded plaintiff that he needed to contact his counselor at the prison to view the video evidence.  Plaintiff did not file an opposition or otherwise communicate with the court, so on May 5, 2022, plaintiff was provided another opportunity to prosecute the case and file an opposition by May 20, 2022.  Plaintiff was informed that the action could be dismissed under Federal Rule of Civil Procedure 41(b) if he did not comply.  Plaintiff did not submit any filings or otherwise communicate with the court, so this case was dismissed on July 13, 2022, for failure to prosecute.

In his appeal, plaintiff fails to discuss why he did not contact the court for nearly five months, despite the court repeatedly reminding plaintiff of his responsibility to prosecute this case.  Plaintiff's appeal issue has no arguable basis in fact or law; therefore, plaintiff's in forma pauperis status is **REVOKED**.  The clerk is requested to forward this order to the Ninth Circuit in case No. 22-16246.

**IT IS SO ORDERED.**

Dated: October 11, 2022

                                                /s/ Phyllis J. Hamilton
                                              PHYLLIS J. HAMILTON
                                              United States District Judge